**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| RICKY PLATT, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | No. 06-CV-1652 |
| | : | |
| WARDEN BROCKENBOROUGH, et al., | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM**

**Brody, J.**                                          **February 20, 2007**

Plaintiff Ricky Platt ("Platt"), a prisoner proceeding pro se, brings this action against the

warden of the Philadelphia Industrial Correctional Center ("PICC"), Warden Brockenborough,

Major Gordon, Captain Waterford, Lieutenant Knight, and Corrections Officer Brown

("defendants") under 42 U.S.C. § 1983 for violation of due process under the Fourteenth

Amendment and the prohibition against cruel and unusual punishment under the Eighth

Amendment.  U.S. CONST. am. XIV, VIII.  Defendants moved to dismiss the complaint for

failure to state a claim.  The motion is granted in part and denied in part.

I.       Jurisdiction and Legal Standard

This Court has subject matter jurisdiction under 28 U.S.C. § 1331.  In deciding a motion

to dismiss pursuant to Fed. R. Civ. Proc. 12(b)(6), a court must view the facts alleged in the

pleadings and the inferences to be drawn from those facts in the light most favorable to the

plaintiff. DirecTV v. Leto, 467 F.3d 842, 844 n.1 (3d Cir. 2006).  That is, the court must accept

as true the well-pleaded allegations of the complaint and draw all reasonable inferences in the plaintiff's favor. <u>Brown v. Card Service Center</u>, 464 F.3d 450, 452 (3d Cir. 2006). The motion should be granted if the moving party has established that the plaintiff would not be entitled to relief under any reasonable reading of the complaint. <u>Id.</u>

II.     Background

Platt alleges that he was repeatedly placed in punitive segregation[1] for verbally assaulting PICC officers, that he was not permitted to exercise regularly, and that prison officials ignored his grievances and provided him no opportunity to appeal the decisions of the Disciplinary Hearing Officer.

The complaint alleges that on December 9, 2005, Platt was placed in punitive segregation for 15 days for "verbally assaulting" Correctional Officer L. Jackson. Platt sought to appeal the Disciplinary Hearing Officer's decision, but he was denied any opportunity to appeal. On December 12, 2005, Platt submitted a grievance, but he received no response. While in either punitive or administrative segregation, Platt "realized his constitutional rights were being violated" because he was allowed to exercise only twice a month for one hour each time. Platt submitted a second grievance relating to his placement in segregation, and the conditions of confinement. In this grievance, Platt contended he was not permitted to change his linens, he was restricted to two showers per month, one hour of recreation every 15 days, he had almost no phone privileges, limited access to the prison law library, and he was shackled everywhere he

_____

[1]Under, Fed. R. Civ. Proc. 10(c), this Court may consider both the allegations in Platt's complaint and those contained in his documents attached to his complaint, namely his prison grievances. Platt uses the term "punitive segregation" in his complaint, but he uses the term "administrative segregation" in his grievances. To give Platt the benefit of every doubt, I consider both types of segregation.

went. Ex. B. He received no response.

Platt was placed in punitive segregation again on January 30, 2006 for verbally assaulting Lieutenant Knight, and on February 6, 2006, for verbally assaulting Correctional Officer Brown. Platt sought to appeal the decision of the Disciplinary Hearing Officer, but he was denied any opportunity to appeal. Platt filed a grievance several months later, which the prison also ignored. In his grievance, Platt alleged he had been kept in administrative segregation for a total of eight months, and that other prisoners had been put in administrative segregation for less time, despite having committed more serious disciplinary infractions. Platt alleged that certain correctional officers held a "grudge" against him.

Platt suffers from depression and anxiety for which he takes medication. He contends that he was forced to live in conditions that were inhumane and unsanitary.

III.    Discussion

    A.    Due Process

        1.    Right to Appeal

Platt contends that the absence of an appeals process violated his right to due process, but prisoners have no constitutional right to appeal the results of a disciplinary hearing. Potts v. Senato, 05-CV-844, 2006 WL 581255, *3 (D. Del. March 9, 2006); Garfield v. Davis, 566 F. Supp. 1069, 1074 (E.D. Pa. 1983) (administrative review of disciplinary hearing not constitutionally required). Therefore, Platt's due process claim regarding the appeals process must be dismissed.

        2.    Grievance Procedure

Platt contends that PICC never responded to his numerous grievances regarding his

conditions of confinement, but a prisoner has no constitutional right to a response to his prison grievance.  A prisoner who does not receive a response to his grievance may file suit in federal court.  As a result, the prison's failure to respond does not infringe on the prisoner's access to the courts.  Hoover v. Watson, 886 F. Supp. 410, 418-19 (D. Del. 1995), aff'd 74 F.3d 1226 (3d Cir. 1995); Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991) ("When the claim underlying the administrative grievance involves a constitutional right, the prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain his grievance.").  Therefore, Platt's claim regarding the PICC grievance procedure must be dismissed.

3.      Access to the Prison Law Library

Platt also alleges that he was denied access to the prison law library.  A prisoner has a constitutional right to access the federal courts, and denial of access to the prison law library may violate due process insofar as it impedes meaningful access to the courts.  Lewis v. Casey, 518 U.S. 343, 350-51, 116 S.Ct. 2174, 135 L.Ed.2d. 606 (1996); cf. Jones v. Brown, 461 F.3d 353, 359 (3d Cir. 2006) (acknowledging Casey's actual injury requirement for claims of denial of access to prison law libraries or legal services).  Access to the prison law library is not a "freestanding" right, however, and a prisoner challenging the denial of access must allege some actual injury to have standing to assert a claim on this basis.  Id.  Because Platt has failed to explain even in minimal detail what injury he suffered, Platt has not stated a due process claim based on denial of access to the PICC law library.

4.      Punitive Segregation and/or Administrative Segregation

4

Platt challenges his placement in punitive and/or administrative segregation as a violation of due process clause under the Fourteenth Amendment.  The due process clause forbids a state from convicting an individual and depriving him of his liberty without providing constitutionally required due process.  Meachum v. Fano, 427 U.S. 215, 224, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976).  Once a state obtains a valid criminal conviction, however, prisoners are subject to prison rules as long as the conditions of confinement do not violate the Constitution.  Meachum, 427 U.S. at 224.  The due process clause further protects prisoners' state-created liberty interests from restraints that impose "atypical and significant hardship[s] . . . in relation to the ordinary incidents of prison life."  Mitchell v. Horn, 318 F.3d 523, 531 (3d Cir. 2003) (quoting Sandin v. Conner, 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995)).  Under Sandin, certain extreme forms of physical restraint in prison may offend due process, but many forms of restraint are permissible parts of "prison life."

In determining whether Platt alleges an atypical and significant hardship, this Court must consider the duration of the disciplinary confinement and the conditions of that confinement in relation to other prison conditions.  Mitchell, 318 F.3d at 531.  Platt alleges that he was placed in punitive segregation for periods of 15 days at a time, followed by a period of seven days,[2] and he remained in administrative segregation for several months while his lawsuit was pending.  Placement in punitive segregation under these circumstances does not violate due process

---

[2]It appears that Platt resided in punitive segregation for fewer than 37 days, because apparently he was out of punitive segregation less than a week after being placed there on January 30, 2006.  Nonetheless, in order to give the plaintiff the benefit of every doubt, the Court assumes that he was placed in punitive segregation for two sets of 15 days, followed by an additional 7 days.

because such placement is relatively brief in duration.  Torres v. Fauvner, 292 F.3d 141, 151 (3d

Cir. 2002) (no protected liberty interest where inmate held in disciplinary detention for 15 days

and in administrative segregation for 120 days).  Placement in administrative segregation for a

total of eight months, without more, also does not constitute an atypical and significant hardship.

Griffin v. Vaughn, 112 F.3d 703, 708 (3d Cir. 1997) (15-month stay in administrative custody

not a due process violation because "exposure to the conditions of administrative custody for

periods as long as 15 months 'falls within the expected parameters of the sentence imposed [on

the inmate] by a court of law.'").  Therefore, Platt fails to state a claim for a violation of due

process.

C.      Cruel and Unusual Punishment

Platt also challenges his placement in punitive segregation as a violation of the Eighth

Amendment's ban on cruel and unusual punishment.  Conditions of confinement may violate the

Eighth Amendment if they satisfy two criteria.  Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct.

1970, 128 L.Ed.2d 811 (1994).  First, the conditions alleged must be sufficiently serious such

that the official's act or omission results in the denial of "the minimal civilized measure of life's

necessities." Id. (citation omitted).  Second, the officials responsible for these conditions must

exhibit "deliberate indifference" to the inmate's health and safety.  Id.  They must act with a state

of mind "more blameworthy than mere negligence."  Id. at 835.

Platt alleges that he was denied the means to maintain a clean cell, he was not permitted

to shower regularly, and he was shackled everywhere he went.  He claims that prison officials

acted with deliberate indifference.  These conditions are undesirable, but the Constitution does

not mandate comfortable prisons.  <u>Farmer</u>, 511 U.S. at 834.  Shackles dehumanize those they restrain, but prisons use shackles for a variety of penological purposes, especially among the subset of prisoners who have committed disciplinary infractions.  It cannot be said that the use of shackles per se violates the Eighth Amendment.  <u>Cf.</u> <u>Ferola v. Moran</u>, 622 F. Supp. 814, 820-821 (D. R.I. 1985) (no per se prohibition on use of shackles, but Court must carefully scrutinize such use) (collecting cases).

Finally, Platt contends that the restrictions on his ability to exercise constituted cruel and unusual punishment.  The Third Circuit has recognized that meaningful recreation is "'extremely important to the psychological and physical well-being of prisoners.'"  <u>Peterkin v. Jeffes</u>, 855 F.2d 1021, 1031 (3d Cir. 1988) (citation omitted).  Lack of exercise may amount to a constitutional violation where it poses a significant threat to an inmate's physical and mental well-being.  For example, lack of exercise may constitute cruel and unusual punishment where "movement is denied and muscles are allowed to atrophy."  <u>French v. Owens</u>, 777 F.2d 1250, 1255 (7th Cir. 1985); <u>Antonelli v. Sheahan</u>, 81 F.3d 1422, 1432 (7th Cir. 1996) (allegation of denial of exercise for seven weeks at a time stated claim for Eighth Amendment violation).  <u>Cf.</u> <u>Spain v. Procunier</u>, 600 F.2d 189, 199 (9th Cir. 1979) (denial of outdoor exercise amounted to cruel and unusual punishment).

Although the constitution does not require out-of-cell exercise, the near-total deprivation of the opportunity to exercise may violate the Eighth Amendment  unless the restriction relates to a legitimate penological purpose.  <u>Mitchell v. Rice</u>, 954 F.2d 187, 191-192 (4th Cir. 1992) (near-total deprivation of exercise may violate the Eighth Amendment, and qualified immunity was denied because prison's obligation to provide inmates with some opportunity to exercise is

7

clearly established).  Platt alleges that he was allowed to exercise only twice every month, and for

one hour each time.  He suffered from depression and anxiety as a result of his placement in

punitive segregation and the restrictions on exercise.  If Platt is able to demonstrate sufficiently

serious harm as a result of his lack of exercise, and that prison officials imposed this harm out of

wanton disregard for his health and well-being, Platt could conceivably prevail on his Eighth

Amendment claim.  Cf. Patterson v. Mintzes, 717 F.2d 284, 289 (6th Cir. 1983) (summary

judgment on Eighth Amendment claim improper where genuine issue of material fact existed as

to whether prisoner had been denied opportunity to exercise for 46 days).  At the pleading stage,

the severity of Platt's injuries is unclear, and he should be given the opportunity to develop the

record in this regard.  Therefore, the motion to dismiss this count will be denied.[3]

IV.     Conclusion

        Plaintiff cannot prevail on his due process claims on any set of facts consistent with the

allegations in his complaint.  Therefore, defendants' motion to dismiss is granted with respect to

those claims.  However, plaintiff has stated a claim for a violation of the Eighth Amendment, and

therefore, defendants' motion to dismiss that claim is denied.



_____

                        ANITA B. BRODY, J.

---

[3]Defendants have not raised a qualified immunity defense, and this Court may not raise it
for them.  Harlow v. Fitzgerald, 457 U.S. 800, 815, 102 S. Ct. 2727, 73 L.Ed. 2d 396 (1982)
("Qualified or 'good faith' immunity is an affirmative defense that must be pleaded by a
defendant official.")

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RICKY PLATT,                              :

     Plaintiff,                      :

        v.                          :          No. 06-CV-1652

                             :

WARDEN BROCKENBOROUGH, et al.,   :

     Defendants.                     :

## ORDER

**AND NOW**, on this __20th__ day of February, 2007, defendants' motion to dismiss (Doc. # 22) is **GRANTED** in part and **DENIED** in part.  Plaintiff's due process claims are **DISMISSED** with prejudice.

_Anita B. Brody_

_____
                                 ANITA B. BRODY, J.

Copies **VIA ECF** on _____ to:    Copies **MAILED** on _____ to:

O:\ABB 2007\Platt memorandum and order on motion to dismiss.wpd